## PROVIDENCE COUNTY.

### ROBERT PATERSON *vs.* SAINT THOMAS' CHURCH.

Public Laws R. I. cap. 696, § 4, of March 21, 1888, provide that no material man's "lien shall attach for materials furnished unless the person furnishing them shall within sixty days after the materials are placed on the land give notice," &c.

*Held*, that the sixty days are exclusive of the day on which the materials are placed on the land.

PETITION for a mechanic's lien.   On exception to the master's report.

*July* 6, 1893.   PER CURIAM.   We think that the exception to the master's report must be overruled : the construction given to the decree by the master being correct.   But we also think that the decree was erroneous in that it includes the sixth day of January, 1890, within the sixty days prescribed by the statute as the period prior to which the delivery of materials must be made.   The statutory provision is that no lien shall attach for materials furnished unless the person furnishing them shall within sixty days after the materials are placed on the land give notice, etc.   Pub. Laws R. I. cap. 696, § 4, of March 21, 1888.   The notice was given January 6, 1890.   The sixty days are therefore to be counted as prior to that date.   Counting backward from that date and beginning with the 5th, these sixty days go back to and include November 7, 1889, and consequently the petitioner is entitled to a lien for all completed pews furnished on that date as well as for those furnished on the succeeding day. We will therefore order that the decree of January 16, 1893, be amended by striking out the words "and including" . . . . . and that the cause be recommitted to the master to report thereon in accordance with the decree as so amended.

*Herbert B. Wood & William Filch*, for petitioner.

*Henry W. Hayes & Alexander A. McCaughin*, for respondent.